**HUNTON ANDREWS KURTH LLP**
Scott P. DeVries (State Bar No. 88221)
50 California Street, Suite 1700
San Francisco, CA  94111
Telephone:  (415) 975-3700
Facsimile:  (415) 975-3701
sdevries@HuntonAK.com

Charlotte E. Leszinske (State Bar No. 346382)
2200 Pennsylvania Avenue, NW
Washington, DC  20037
Telephone:  (202) 955-1500
Facsimile:  (202) 788-2201
cleszinske@HuntonAK.com

Rachel E. Hudgins (admitted *pro hac vice*)
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, GA  30308
Telephone:  (404) 888-4000
Facsimile:  (404) 888-4190
rhudgins@HuntonAK.com

*Attorneys for Plaintiffs RLC Industries Co. and Roseburg Forest Products Co.*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Frank Falzetta (State Bar No. 125146)
Mary E. Gregory (State Bar No. 210247)
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  (213) 620-1780
Facsimile:  (213) 620-1398

Jeffrey S. Crowe (State Bar No. 216055)
650 Town Center Drive, 10th Floor
Costa Mesa, California  92626
Telephone:  (714) 513-5100
Facsimile:  (714) 513-5130

*Attorneys for Defendant Liberty Insurance Corporation*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RLC INDUSTRIES CO. and ROSEBURG FOREST PRODUCTS CO., <br><br>Plaintiffs, <br><br>v. <br><br>LIBERTY INSURANCE CORPORATION and EVERST NATIONAL INSURANCE COMPANY, <br><br>Defendants. | No. 2:23-cv-00649-TLN-DB <br><br>STIPULATION FOR A PROTECTIVE ORDER |

Plaintiffs RLC Industries Co. and Roseburg Forest Products Co. ("Roseburg") and Defendant Liberty Insurance Corporation ("Defendant"), by and through their counsel of record, hereby enter

1  into the following stipulation and joint request for a Protective Order to facilitate discovery, protect
2  confidential information and avoid unnecessary discovery motions in the above-captioned matter.

3        **A.**       **PURPOSES AND LIMITATIONS**

4        The grounds for this Stipulated Protective Order are that discovery in this action involves the
5  disclosure of confidential business, proprietary, private or trade secret information for which special
6  protection from public disclosure and from use for any purpose other than prosecuting this action,
7  *RLC Industries Co. and Roseburg Forest Products Co, Inc. v. Liberty Ins. Corp. and Everest Nat'l*
8  *Ins. Co.*, No. 2:23-cv-00649-TLN-DB (the "Action"), would be warranted.

9        In accordance with Eastern District Local Rule 141.1(c)(1), the type of confidential and
10 proprietary material eligible for protection in this action includes, but is not limited to:
11 (1) confidential agreements with and reports from third party vendors, compensation and incentive
12 information, and related communications; (2) confidential and proprietary financial and business
13 data, including trade secret information; (3) privileged attorney invoices and related documents
14 containing attorney work product; (4) confidential and/or privileged communications and documents
15 relating to the handling and settlement of underlying claims, including privileged mediation and
16 settlement information; (5) policy underwriting and pricing material; and/or (6) other documents and
17 information protected under privacy rights.  The Parties may supplement this list as necessary.

18       There is a particularized need for this Stipulated Protective Order. (Eastern District Local
19 Rule 141.1(c)(2).)  The Parties have already requested through discovery in this action the types of
20 confidential and proprietary materials noted in the preceding paragraph.  *See Lee v. Kaiser*
21 *Foundation Health Plan Long Term Disability Plan*, No. C 09-02176, 2010 WL 2803105, at *3
22 (N.D. Cal. July 14, 2010) (internal insurance claims materials are considered trade secrets); *Stout v.*
23 *Hartford Life & Acc. Ins. Co.*, No. CV 11-6186, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012)
24 ("[L]itigants may file under seal their contracts with third parties that contain proprietary and
25 confidential business information"); *Citizen Ins. Co. of Am. v. Nat'l Cas. Co.*, No. 12-cv-0430, 2013
26 WL 12116595, at *2 (S.D. Cal. Nov. 13, 2013) (bills, correspondence, ledgers, statements, and time
27 records containing attorney strategy and work product to be produced subject to protective order);
28 *Racioppi v. Bosov*, No. 2:20-cv-03797, 2020 WL 13064710, at *1 (C.D. Cal. Dec. 8, 2020)

1  (settlement materials appropriately subject to protective order); *City of Colton v. Am. Promotional*
2  *Events, Inc.*, No. ED CV 09-01864, 2014 WL 12740639, at *3-4 (C.D. Cal. June 24, 2014)
3  (upholding protection of mediation materials).
4       In light of the nature of the claims and allegations in this case and discovery already
5  propounded involving the production of confidential records, and in order to expedite the flow of
6  information, to facilitate the prompt resolution of disputes over confidentiality of discovery
7  materials, including the procedure for challenging Confidentiality designations in conformity with
8  Eastern District Local Rule 251 (Motions Dealing with Discovery Matters), to adequately protect
9  information the parties are entitled to keep confidential, to ensure that the parties are permitted
10 reasonable necessary uses of such material in connection with this action, to address their handling
11 of such material at the end of the Action, and to serve the ends of justice, a protective order for such
12 information is justified in this matter. (Eastern District Local Rule 141.1(c)(2)-(3).)
13      Finally, the parties shall not designate any information/documents as confidential without a
14 good faith belief that such information/documents have been maintained in a confidential, non-
15 public manner, and that there is good cause or a compelling reason why it should not be part of the
16 public record of this case.

17     **B.**    **GOOD CAUSE STATEMENT**

18      In light of the nature of the claims and allegations in this case and the parties' representations
19 that discovery in this case will involve the production of confidential records, and in order to
20 expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality
21 of discovery materials, to adequately protect information the parties are entitled to keep confidential,
22 to ensure that the parties are permitted reasonable necessary uses of such material in connection with
23 this action, to address their handling of such material at the end of the Action, and to serve the ends
24 of justice, a protective order for such information is justified in this matter (Eastern District Local
25 Rule 141.1(c)(2)-(3)).  The parties agree that they shall not designate any information/documents as
26 confidential without a good faith belief that such information/documents have been maintained in a
27 confidential, nonpublic manner, and that there is good cause or a compelling reason why it should
28 not be part of the public record of this case.

1. <u>DEFINITIONS</u>

    1.1.    <u>Action</u>:  The instant action, *RLC Industries Co. and Roseburg Forest Products Co. v. Liberty Ins. Corp. and Everest Nat'l Ins. Co.*, No. 2:23-cv-00649-TLN-DB.

    1.2.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

    1.3.    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that a Party or Non-Party reasonably and in good faith believes contains any confidential research, development, trade secret, commercial information, or personal information of any Party or a Party's customer, provided that the Party or third-party has made efforts to maintain confidentiality that are reasonable under the circumstances, whether the Confidential Information is:  a document, electronically stored information ("ESI"), or other written material or image; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory, answer, or other written response to a discovery request; information responsive to requests for production or deposition subpoenas for business records; or information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

All information deemed to be "Confidential Information or Items" may be designated under this Stipulated Protective Order as "CONFIDENTIAL."

    1.4.    <u>Counsel</u>:  Outside Counsel of Record in this Action and House Counsel, as well as their support staff.

    1.5.    <u>Designating Party</u>:  A Party or Non-Party that designates information or items produced in disclosures, in responses to discovery, or pursuant to subpoena as "CONFIDENTIAL."

    1.6.    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    1.7.    <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to

the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this Action.

  1.8. <u>House Counsel</u>:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

  1.9. <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

  1.10. <u>Outside Counsel of Record</u>:  Attorneys who are not Party employees but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as support staff.

  1.11. <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record and their support staff.

  1.12. <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

  1.13. <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  1.14. <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  1.15. <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

  1.16. <u>Underlying Counsel</u>:  Attorneys who are not Outside Counsel of Record or employees of a Party to this Action but were retained by any Party to represent or advise a Party to this Action in connection with the claims asserted against RLC Industries Co. and/or Roseburg Forest Products Co. arising out of the Mill Fire.

2. <u>SCOPE</u>

  The Parties agree that the protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and

(3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

If any Protected Material (1) is (or contains information which is) already in the public domain; (2) later becomes part of the public domain after its designation as Confidential as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; or (3) contains information already known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, whether that obligation arises by contract, relationship, industry custom, or otherwise, then the Receiving Party may challenge the designation of confidentiality consistent with the procedures set forth in Paragraph 5 below.

The Parties agree that any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during trial.

3. <u>DURATION</u>

The Parties agree that even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party or Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4. <u>DESIGNATING PROTECTED MATERIAL</u>

    4.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Producing Party or Designating Party must designate for protection only those portions of material, documents, items, or oral or written communications that qualify so that other

1    portions of the material, documents, items, or communications for which protection is not warranted
2    are not swept unjustifiably within the ambit of this Order.
3         Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to
4    be clearly unjustified or made for an improper purpose (*e.g.*, to unnecessarily encumber the case
5    development process or to impose unnecessary expenses and burdens on other parties) may expose
6    the Producing Party to sanctions.
7         If it comes to a Producing Party's or Designating Party's attention that information or items
8    that it designated for protection do not qualify for protection, they must promptly notify all other
9    Parties that it is withdrawing the inapplicable designation.
10        4.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or
11   as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
12   under this Order must be clearly so designated before the material is disclosed or produced.
13        Designation in conformity with this Order requires:
14        (a)     For information in documentary form (*e.g.*, paper or electronic documents, but
15   excluding transcripts of depositions), the Producing Party must affix "CONFIDENTIAL" to each
16   page that contains Protected Material.
17        A Party or Non-Party that makes original documents available for inspection need not
18   designate them for protection until after the Receiving Party has indicated which documents it would
19   like copied and produced.  During the inspection and before the designation, all of the material made
20   available for inspection shall be deemed "CONFIDENTIAL."  After the Receiving Party has
21   identified the documents it wants copied and produced, the Producing Party must determine which
22   documents, or portions thereof, qualify for protection under this Order.  Before producing the
23   specified documents, the Producing Party must affix "CONFIDENTIAL" to each page that contains
24   Protected Material.
25        (b)     For Testimony given in depositions the Designating Party may either:  .
26        (1)     identify on the record, before the close of the deposition, all "Confidential"
27   Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or
28        (2)     designate the entirety of the Testimony at the deposition as "Confidential"

(before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

(c) For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3. <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's or Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

5.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 251.

5.3. The burden of persuasion in any such challenge shall be on the Producing Party or Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Producing Party or Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge and all available appeals with regards to that ruling have been exhausted.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only to prosecute, defend, or attempt to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Producing Party or Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party's Underlying Counsel, as well as employees of said Underlying Counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Receiving Party's officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this Action;

(d) the Receiving Party's Experts (as defined in this Order) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or

other person who otherwise possessed or knew the information lawfully and without breach of this Protective Order or any confidentiality obligation;

(i) witnesses and attorneys for witnesses who are Non-Parties in the Action to whom disclosure is reasonably necessary during their depositions provided that the witness and their attorney, if a Non-Party: (1) both sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and (2) do not retain any confidential information, unless otherwise agreed by the Producing Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a) promptly notify in writing the Producing Party or the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with all reasonable procedures pursued by the Producing Party or the Designating Party whose Protected Material may be affected.

If the Producing Party seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's or Designating Party's permission or is otherwise required to produce that information by law or court order. The Producing Party or Designating Party shall bear the burden

and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material, either by the Non-Party or a Party. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 141.1(b)(1) and 251 after receiving the notice and accompanying information or fails contemporaneously to notify the Producing Party that it has done so, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court after receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:  (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party or Designating Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rules of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement into this Protective Order.

11.     MISCELLANEOUS

11.1.    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2.    <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141 and with any pertinent orders of the assigned District Judge and Magistrate Judge. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 3, within 60 days, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3.

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED.**

DATED:  November 15, 2023

| | |
|---|---|
| **HUNTON ANDREWS KURTH LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| /s/ *Scott P. DeVries* | /s/ *Mary E. Gregory* |
| Scott P. DeVries (State Bar No. 88221) | [as authorized on Nov. 15, 2023] |
| 50 California Street, Suite 1700 | Frank Falzetta (State Bar No. 125146) |
| San Francisco, CA  94111 | Mary E. Gregory (State Bar No. 210247) |
| Telephone:  (415) 975-3700 | 333 South Hope Street, 43rd Floor |
| Facsimile:  (415) 975-3701 | Los Angeles, California  90071 |
| sdevries@HuntonAK.com | Telephone:  (213) 620-1780 |
| | Facsimile:  (213) 620-1398 |
| Charlotte E. Leszinske (State Bar No. 346382) | ffalzetta@sheppardmullin.com |
| 2200 Pennsylvania Avenue, NW | mgregory@sheppardmullin.com |
| Washington, DC  20037 | |
| Telephone:  (202) 955-1500 | Jeffrey S. Crowe (State Bar No. 216055) |
| Facsimile:  (202) 788-2201 | 650 Town Center Drive, 10th Floor |
| cleszinske@HuntonAK.com | Costa Mesa, California  92626 |
| | Telephone:  (714) 513-5100 |
| Rachel E. Hudgins (admitted *pro hac vice*) | Facsimile:  (714) 513-5130 |
| Bank of America Plaza, Suite 4100 | jcrowe@sheppardmullin.com |
| 600 Peachtree Street, NE | |
| Atlanta, GA  30308 | *Attorneys for Defendant Liberty Insurance* |
| Telephone:  (404) 888-4000 | *Corporation* |
| Facsimile:  (404) 888-4190 | |
| rhudgins@HuntonAK.com | |

*Attorneys for Plaintiffs RLC Industries Co. and Roseburg Forest Products Co.*

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the

court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: November 20, 2023          /s/ DEBORAH BARNES
                                  UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *RLC Industries Co. and Roseburg Forest Products Co. v. Liberty Ins. Corp. and Everest Nat'l Ins. Co*.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [full name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____