UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RLC INDUSTRIES CO. and ROSEBURG FOREST PRODCUTS CO., | No. 2:23-cv-0649 TLN DB |
| Plaintiffs, | ORDER |
| v. | |
| LIBERTY INSURANCE CORPORATION, | |
| Defendant. | |

On June 13, 2024, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiffs' motion to compel. (ECF No. 46.) Attorney Rachel Hudgins appeared via Zoom on behalf of plaintiffs. Attorney Mary Gregory appeared via Zoom on behalf of the defendant. (ECF No. 61.)

During oral argument defense counsel argued that the motion to compel was moot because the deadline for fact discovery had closed. At this same time plaintiff's counsel lost internet connectivity. Accordingly, on June 14, 2024, the undersigned issued an order continuing the hearing to June 20, 2024, and ordering the parties to file a supplemental joint statement. (ECF No. 62.) On June 20, 2024, the parties filed the supplemental statement. (ECF No. 63.)

////

1

After reviewing the supplemental statement, the undersigned is satisfied that plaintiff's motion is timely.[1]  The motion was filed, and would have been heard, prior to the close of fact discovery, however, the hearing was continued through no fault of the plaintiff.  (ECF Nos. 46, 50, 52.)

The parties' dispute concerns two interrogatories: Interrogatory No. 6 and Interrogatory No. 10.  Interrogatory No. 6 seeks all facts supporting the claim plaintiff Roseburg Forest Products failed to mitigate damages.  (JS (ECF No. 58) at 11.)  In their supplemental statement, defendant offers to supplement its response to this interrogatory but claims to need a court order because it "cannot supplement its response to fact discovery" because the deadline for fact discovery has passed.  (ECF No. 63 at 3.)  That is incorrect.  Defendant has a continuing duty to supplement discovery responses.  Fed. R. Civ. P. 26(e).  Nonetheless, defendant will be given the requested court order.

Moreover, given defendant's pending supplemental response, the parties will be ordered to further meet and confer after defendant's supplemental response.  Although it is clear plaintiff does not believe defendant's supplemental response will fully resolve this discovery dispute, the undersigned's preference is to resolve discovery disputes after the parties have exhausted their efforts at voluntary resolution.

Plaintiff's Interrogatory No. 10 initially sought the identity of the law firms defendant retained to defend actions "similar" to the Mill Fire at issue here, including the case name, nature of the claim, amount of exposure, and rates paid.  (ECF No. 58 at 16.)  On May 28, 2024, plaintiff proposed an alternative method of searching for this information based on "a list of 30 major fires that occurred in California from 2017 to 2022."  (Id. Id. at 23.)  Defendant contends that it only had "36 hours . . . to consider" this proposal.  (Id. at 24.)

The parties will also be given additional time to meet and confer over this issue. Defendant is advised that, although the undersigned accepts that settling on precise terms and conducting searches may be of some difficulty, the discovery plaintiff seeks via this request

---

[1] Having reviewed the parties' briefing, the undersigned finds this matter suitable for resolution without a hearing pursuant to Local Rule 230(g).

appears to be of significant relevance. The undersigned's hope is that the parties can reach an agreement on narrow search terms, which would avoid the court imposing search terms which may be unnecessarily broad.

Accordingly, IT IS HEREBY ORDERED that:

1. The June 25, 2024 hearing of plaintiff's motion to compel (ECF No. 46) is vacated;

2. Within fourteen days of the date of this order defendant shall produce supplemental discovery;

3. Within twenty-eight days of the date of this order the parties shall meet and confer to discuss defendant's supplemental production, search terms, and any other matter relevant to this discovery dispute; and

4. Within fourteen days thereafter the parties shall either file a withdrawal of the motion to compel or contact the undersigned's courtroom deputy for an available hearing date.

DATED: June 24, 2024                            /s/ DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/rlc0649.oah2.061324