SCOTT P. DEVRIES, Cal. Bar No. 88221
**HUNTON ANDREWS KURTH LLP**
50 California Street, Suite 1700
San Francisco, CA  94111
Telephone:	415.975.3700
Facsimile:	415.975.3701
Email:	SDeVries@hunton.com

RACHEL E. HUDGINS (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
Bank of America Plaza, Ste. 4100
600 Peachtree Street, N.E.
Atlanta, GA 30308
Telephone:	404.888.4000
Facsimile:	404.888.4190
Email:	RHudgins@hunton.com

Attorneys for Plaintiffs RLC INDUSTRIES CO.
and ROSEBURG FOREST PRODUCTS CO.

JEFFREY S. CROWE, Cal. Bar No. 216055
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Telephone:	714.513.5100
Facsimile:	714.513.5130
Email:	jcrowe@sheppardmullin.com

SCOTT SVESLOSKY, Cal. Bar No. 217660
MARY E. GREGORY, Cal. Bar No. 210247
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:	213.620.1780
Facsimile:	213.620.1398
Email:	mgregory@sheppardmullin.com

Attorneys for Defendant
LIBERTY INSURANCE CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RLC INDUSTRIES CO. and ROSEBURG FOREST PRODUCTS CO., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY INSURANCE CORPORATION, EVEREST NATIONAL INSURANCE COMPANY, and THE OHIO CASUALTY INSURANCE COMPANY, <br><br> Defendants. | Case No. 2:23-cv-00649-TLN-SCR <br><br> Assigned to the Hon. Troy L. Nunley and Magistrate Judge Deborah Barnes <br><br> **STIPULATION AND ORDER REGARDING EXPERT WITNESS DISCLOSURES** |

**TO THE HONORABLE COURT:**

Plaintiffs RLC Industries, Inc. and Roseburg Forest Products Co. (collectively "Roseburg"), and Defendant Liberty Insurance Corporation ("Liberty") (collectively "the Parties"), by and through their attorneys of record, enter into the following stipulation for an Order clarifying the Court's Pre-Trial Scheduling Order and/or allowing the parties to *file* their Expert Witness Disclosures without expert reports, which contain confidential and/or sensitive business information.  Notwithstanding this Stipulation and/or the Court's Order Thereon, the Parties have or will timely *serve* full and complete Expert Witness Disclosures accompanied by their respective expert reports.

I.      **RECITALS.**

**WHEREAS:**

1.      On April 7, 2023, the Court issued its Initial Pretrial Scheduling Order. (ECF 5).

2.      The Initial Pretrial Scheduling Order requires counsel to "designate in writing, **file with the Court**, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than sixty (60) days after the close of discovery. The disclosure shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Federal Rule of Civil Procedure 26(a)(2)." (ECF 5 at 3 (emphasis added)).

3.      On December 19, 2024, the Court granted the Parties' request to modify the Initial Pretrial Scheduling Order.  (ECF 32).  The Order continued the deadline for initial expert witness disclosures from March 22, 2024 to July 5, 2024.

4.      On June 28, 2024, the Court granted the Parties' request to modify expert discovery deadlines.  (ECF 66).  The Order continued the deadline for initial expert witness disclosures from July 5, 2024 to August 2, 2024.

5.      Pursuant to the June 28, 2024 Order, the Parties will file (or have already filed) their initial expert disclosures containing the name, address, and area of expertise of each expert that they propose to tender at trial.  The Parties will serve (or have already served) their initial expert disclosures accompanied by the written reports of their respective retained experts.

6. The Parties' expert reports include or reference information one or both of the Parties have identified as confidential information subject to the Protective Order. (ECF 30).

7. It is the Parties' understanding that they do not need to file the expert reports with the disclosures. To the extent the Court's Pre-Trial Scheduling Order requires the Parties to file their expert reports that accompany their respective initial expert disclosures, the Parties hereby stipulate and seek an Order from the Court that they need only file their initial expert disclosure statements, and not file their respective reports. Nonetheless, they have or will serve on each other full and complete initial disclosure statements accompanied by those expert reports. If the Court requires the Parties to file the expert reports with their initial expert witness disclosure statements, the Parties will separately move the Court for an Order sealing them.

**II.  STIPULATION.**

Therefore, the Parties, by and through their counsel of record, hereby stipulate to an Order from the Court that the Parties only need to file their expert disclosures and not to file expert reports, so long as they serve full and complete copies of their expert disclosures with their respective retained expert reports.

**IT IS SO STIPULATED.**

SMRH:4864-5675-4645.1

Dated: August 5, 2024

HUNTON ANDREWS KURTH LLP

By     *s/ Scott P. DeVries*
    SCOTT P. DeVRIES
    RACHEL E. HUDGINS
    Attorneys for Plaintiffs
    RLC INDUSTRIES CO. and ROSEBURG FOREST PRODUCTS CO.

Dated: August 5, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     *s/ Mary E. Gregory*
    JEFFREY S. CROWE
    SCOTT SVESLOSKY
    MARY E. GREGORY
    Attorneys for Defendant
    LIBERTY INSURANCE CORPORATION

SMRH:4864-5675-4645.1

**ORDER**

Having considered the Stipulation and for good cause shown, IT IS HEREBY ORDERED, as follows:

- Expert disclosures containing the name, address, and area of expertise of each expert that the Parties propose to tender at trial must be timely filed with the Court; and

- Expert reports need not be filed by the Parties at this time, so long as the Parties serve full and complete initial expert witness disclosures accompanied by their respective expert reports.

**IT IS SO ORDERED.**

DATED: August 5, 2024

Troy L. Nunley
United States District Judge

SMRH:4864-5675-4645.1