1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RLC INDUSTRIES CO. and ROSEBURG          No.  2:23-cv-0649 TLN SCR
     FOREST PRODUCTS CO.,
12
                     Plaintiffs,
13                                             ORDER
            v.
14
     LIBERTY INSURANCE
15   CORPORATION, et al.,

16                   Defendants.

17

18          On November 7, 2024, the Court heard a discovery dispute involving Plaintiff's

19   confidential designations of certain discovery information.  ECF No. 80.  At the time, the Court

20   ordered certain specified confidential designations removed and tentatively found the other

21   confidential designations to be proper.  The Court set a deadline of November 21 for Defendant to

22   demonstrate with particularity why good cause for any remaining designation is lacking and for

23   Plaintiff to further argue for the existence of good cause.[1]  ECF No. 90.

24          On November 21, the parties submitted a joint statement identifying only three remaining

25   documents—deposition exhibits—at issue in this dispute.  ECF No. 93.  The Court provisionally

26

27   [1] In the relevant minute order, ECF No. 90, the Court erroneously stated that Plaintiff would need
     to show why good cause is lacking and that Defendant might further argue for the existence of
28   good cause.  In this dispute, it is Plaintiff who must ultimately demonstrate good cause.

                                                    1

granted the parties' request to file that joint statement and supporting exhibits under seal.  ECF Nos. 91 & 92.  The Court resolves this remaining portion of the dispute as explained below.

**Deposition Exhibits 4 and 43:**  These exhibits are PDF versions of computerized claim file notes created and maintained by Ohio Casualty Insurance Company and Defendant Liberty Insurance Company.  More than 280 claim file entries occupy more than 250 pages in the exhibits, though it appears the most sensitive information therein has already been redacted.  While the Court has little doubt that some of the unredacted information contained in these exhibits is not confidential, much of that information could implicate Plaintiff's attempts to resolve ongoing, related litigation.  As discussed during the November 7 hearing, that interest gives rise to good cause.  *See Estate of Sanchez v. Cnty. of Stanislaus*, 2019 WL 5431875, at *3 (E.D. Cal. Oct. 1, 2019) (good cause to keep materials confidential when would harm position in parallel proceedings).  Moreover, unencumbered disclosure of the claim file notes might in the future deter other insureds from communicating in candor with insurers, for fear that such communication would be disclosed without confidentiality protections in subsequent litigation.  Such public policy concerns are properly considered in determining whether to preserve confidentiality of discovery materials.  *See, e.g., Fidelity Nat. Financial, Inc. v. National Union Fire Ins. Co*., 2014 WL 1393743, at *8 (noting "public policy concerns underlying" insurance-related non-disclosure statute in denying public use of memorandum in insurance dispute).  In balancing the parties' interests, the Court finds good cause to maintain these exhibits *en masse* as confidential.

**Deposition Exhibit 162:**  This is an email exchange between counsel for Plaintiff Roseburg and counsel representing plaintiffs in related legal actions.  Defendant has offered to redact or file under seal language from one of the emails that should properly be maintained as confidential, specifically that language noted at ECF No. 93 at 5:16-20.  However, it does not appear that there is good cause to maintain the other information in the email exchange as confidential.  That other information does not involve substantive offers to settle and is not otherwise privileged.  Accordingly, the Court finds good cause for a confidential designation only as to the language noted at ECF No. 93 at 5:16-20.

2

1      In conclusion, under the terms of the Protective Order in this case and Rule 26(c), IT IS

2 ORDERED that Deposition Exhibits 4 and 43 be maintained as confidential and that Deposition

3 Exhibit 162 be de-designated as confidential, except as to the language noted at ECF No. 93 at

4 5:16-20.

5      It is FURTHER ORDERED that the parties' filings at ECF No. 93 be maintained under

6 seal.

7 Dated: December 20, 2024

8

9 _____

10 SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3